UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DICKSON GANGAZHA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:20-cv-02317-TWP-MG |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**ORDER DENYING AMENDED MOTION FOR § 2255 RELIEF
AND DENYING CERTIFICATE OF APPEALABILITY**

This matter is before the Court on Petitioner Dickson Gangazha's ("Gangazha") Petition for relief pursuant to 28 U.S.C. § 2255, Dkt 9.  For the reasons explained in this Order, Gangazha's petition must be **denied** and the action dismissed with prejudice**.**  In addition, the Court finds that a certificate of appealability should not issue**.**

**I.   THE § 2255 MOTION**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence.  *See Davis v. United States*, 417 U.S. 333, 343 (1974).  A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  "Relief under this statute is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79

(7th Cir. 2013) (citing *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996); *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997)).

## II.  FACTUAL BACKGROUND

On February 21, 2018, Gangazha was charged with twenty-eight counts of aiding or abetting in preparing false tax returns, in violation of 26 U.S.C. § 7206(2) and 18 U.S.C. § 2. *United States v. Gangazha,* Case No. 1:18-cr-00053-TWP-DLP-01 (hereinafter "Crim. Dkt."); (Crim. Dkt. 1.)  He retained attorney Vincent L. Scott ("Counsel") to represent him.  (Crim. Dkt. 13.)

On April 17, 2019, the parties filed a Petition to Enter a Plea of Guilty and Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). (Crim. Dkt. 43.) Gangazha agreed to plead guilty to five counts of Aiding or Abetting in Preparing False Tax Returns (Counts 11, 14, 15, 17 and 18), and the Government agreed to dismiss the remaining counts.  *Id.* ¶¶ 1, 2.  The parties did not agree upon a specific sentence and Gangazha was informed that the ultimate determination of his sentence was left to the discretion of the Court. *Id.* ¶ 13.

As described at the change of plea hearing, the factual basis of this case is as follows:

> Ms. Mindrum: …The Defendant Dickson Gangazha, also known as Dickens, was the co-owner and operator of G&M Tax and Accounting Group G&M, a tax preparation business located in Speedway, Indiana, within the Southern District of Indiana. In that role, the defendant would prepare and file personal income tax returns for his clients.
>
> During the filing seasons for tax years 2011 through 2015, the defendant perpetrated a scheme to defraud the [Internal Revenue Service ("IRS")] by preparing and filing income tax returns with the IRS that were false and fraudulent in many ways, such as, A, including false business mileage expenses, medical expenses, and charitable gift expenses, for the taxpayer that the taxpayer did not incur; B, reporting that the taxpayer had dependents [ ] that the taxpayer was not eligible to claim as exemptions; and, C, including false claims for child and dependent care credits, child tax credits, and educational credits that the taxpayer

was not entitled. The defendant knew, at the time he was preparing and filing the income tax returns, that the income [ ] tax returns were false.

All of these actions had the effect of reducing the taxpayer's tax liability and inflating the amount of the taxpayer's tax refund. As a result of Defendant's material[ly] false and fraudulent misrepresentations on the tax returns filed with the IRS, the IRS suffered at least $1,100,518.81 in tax loss.

The defendant admits that each and every fact alleged in the indictment is true and that he did aid and assist in preparing [ ] false tax returns as charged in the indictment. The defendant acknowledges that the government's evidence at trial would include tax records and returns such as those obtained from search warrants of G&M and from the IRS, including but not limited to the filed tax returns referenced in the indictment.

The defendant further acknowledges that the facts in the indictment would be further corroborated by the testimony of witnesses, including the individual taxpayers described in the indictment, current and former employees and associates of the defendant, and IRS investigators and analysts.

(Crim. Dkt. 63 at 23-24.)

The Court inquired of Gangazha if he had heard the factual basis stated by the Government's counsel, and if what she stated was the truth, and Gangazha responded "yes" to both questions. *Id*. at 24. The parties stipulated and agreed that Gangazha's criminal conduct for the years 2011 through 2015 (including the dismissed counts in the Indictment) resulted in a $1,100,518.81 monetary loss to the IRS, and that Gangazha would pay restitution to the IRS in this full amount of loss. *Id.* 19. Gangazha also agreed that he understood that, pursuant to 26 U.S.C. § 6201(a)(4)(C), he could not challenge the existence or amount of restitution. *Id.* at 20.

Gangazha's plea agreement included sentencing guideline stipulations. (Crim. Dkt. 43 ¶¶ 24a-c.) The Government agreed to recommend a term of imprisonment no greater than the high end of the advisory sentencing guidelines range at offense level 22, provided that Gangazha abided by the law and the plea terms. *Id.* ¶ 13a. The parties agreed that Gangazha was free to recommend any sentence. *Id.* ¶ 13b.

Gangazha agreed to waive his right to appeal if the Court sentenced him within or below the guidelines range at offense level 22.  *Id.* ¶ 25.  He also waived any and all constitutional challenges to the statutes to which he pled guilty, as well as any challenge that his admitted conduct does not fall within the scope of the applicable statutes.  *Id*.  In addition, Gangazha agreed not to contest or seek to modify his conviction or sentence in any action, including through § 2255 (excluding ineffective assistance of counsel claims).  *Id.* ¶ 26.  He also waived his right to appeal the length and conditions of the period of supervised release.  *Id.* ¶ 27.

A combined change of plea and sentencing hearing was held on September 3, 2019. (Crim. Dkt. 57.)  Gangazha confirmed that in exchange for concessions made by the Government in his plea agreement, he was waiving his right to appeal the conviction imposed in this case on any grounds, and he understood that if he wished to appeal, he must file a notice of appeal within 14 days of the entry of the judgment in his case. (Crim Dkt. 63 at 27; *Id*. at 82). Gangazha's plea agreement stated " [i]f I have not waived my right to appeal. I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case: I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done. (Crim. Dkt. 43 at 16-17.)  At his change of plea and sentencing hearing, Gangazha stated that he understood that if he intended to appeal, he would have to let Mr. Scott know within 14 days, and Mr. Scott could file the appropriate paperwork. (Dkt. 63 at 82.)

Gangazha confirmed that he talked to Counsel about the evidence and the ways he might defend himself and stated that he was satisfied with Counsel's representation and the advice provided to him.  (Crim. Dkt. 63 at 8-9.)

The Court reviewed the total restitution amount of $1,100,518.81. *Id.* at 19-21. Gangazha's guideline range was 37 to 46 months' imprisonment. (Crim. Dkt. 51 ¶ 70.) The statutory maximum term of imprisonment was three years per count, pursuant to 26 U.S.C. § 7206(2). *Id.* ¶ 69.

The Court concluded that Gangazha was fully competent and capable of entering an informed plea, was aware of the nature of the charges and the consequences of the plea, and that his plea of guilty was a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. (Crim. Dkt. 63 at 30.) The Court accepted the plea agreement. *Id.*

The Court then moved on to the sentencing portion of the hearing. Both parties confirmed that they did not have any objections to the Presentence Investigative Report ("PSR"), and the Court accepted the PSR. *Id.* at 31-3

Counsel called Gangazha as a witness to testify concerning the number of clients that he serviced and the average fee per client and the financial gain from the crime. (Crim. Dkt. 63 at 40-68.) The Government called the case agent as a witness. *Id.*

After hearing all arguments, the Court sentenced Gangazha to a term of six months on each of Counts 11, 14, 15, 17, and 18, to be served consecutively, for a total of 30 months' imprisonment. *Id.* at 75. The sentence imposed was a downward variance below the advisory guideline range, based on the Court's consideration of the 3553(a) factors. *Id.* at 78.

Final judgment was entered on the docket on September 9, 2019. (Crim. Dkt. 60.) Gangazha did not appeal.

On September 4, 2020, Gangazha filed his original petition to vacate his sentence pursuant to 28 U.S.C. § 2255. (Dkt. 1.)

On September 23, 2020, the Court dismissed Gangazha's § 2255 petition without prejudice because he did not support his petition with more than vague and conclusory accusations, and he failed to identify how he was prejudiced. (Dkt. 2.) The Court granted Gangazha the opportunity to file an amended § 2255 motion that included the necessary facts to support his claim and ordered him to file an amended § 2255 motion by October 21, 2020, or the action would be dismissed. *Id.*

On November 9, 2020, the Court dismissed the § 2255 action and entered Final Judgment because Gangazha failed to submit an amended petition. (Dkt. 3.) Eighteen days later, Gangazha filed a motion for reconsideration (Dkt. 5), and the Court vacated the final judgment dismissing the case and reopened the case. (Dkt. 6.)

On June 24, 2021, Gangazha filed his amended § 2255 motion. (Dkt. 9.) In his amended Motion, Gangazha asserts two ineffective assistance of counsel claims: (1) trial counsel failed to raise legal defenses and object to the loss amount and restitution calculations imposed by the Court, and (2) trial counsel failed to file a notice of appeal as requested. The Government argued in response that the Amended Motion should be denied. No reply was filed.[1]

### III.   DISCUSSION

Gangazha's asserted grounds for relief are based on the Sixth Amendment right to counsel. A petitioner claiming ineffective assistance of counsel bears the burden of showing (1) that trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *Resnick v. United States*, 7 F.4th 611, 619 (7th Cir. 2021). If a petitioner cannot establish

---

[1] Gangazha completed his 30-month term of imprisonment prior to the Government filing its response. *See* Dkt. 28-1 at ¶ 7. A movant under § 2255 must be "in custody." 28 U.S.C. § 2255(a). But Gangazha "was in custody when he filed [his] motion" for § 2255 relief, "and that is all that is required...." *Conley v. United States*, 5 F.4th 781, 786 (7th Cir. 2021) (quoting *Torzala v. United States*, 545 F.3d 517, 521 (7th Cir. 2008)).

one of the *Strickland* prongs, the court need not consider the other. *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014).

Gangazha alleges that Counsel was ineffective at sentencing by failing to challenge the loss amount and restitution calculations. (Dkt. 9 at 1-2.) He further alleges that his appellate counsel failed to "file a Notice of Appeal as timely requested, and failed to adequately advice, and communicate with me on my request to file and pursue the right to appeal". *Id.* at 2-3. Gangazha's allegations are not made under penalty of perjury as required by Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings, nor are they supported by a declaration or citations to any evidence in the record.

"*Pro se* collateral review filings are construed liberally." *Long v. United States*, 847 F.3d 916, 920 (7th Cir. 2017) (quoting *Wyatt v. United States*, 574 F.3d 455, 459 (7th Cir. 2009)). Even so, a district court can deny relief without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," or "if the petitioner makes allegations that are vague, conclusory, or palpably incredible, rather than detailed and specific." *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015) (internal quotation marks omitted); *see also Wright v. United States*, 215 F. Supp. 3d 674, 679 (N.D. Ill. 2016) (quoting *Martin* for proposition that petitioner must make "some threshold showing of the evidentiary basis" for his motion). In addition, "[p]erfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived." *Mahaffey v. Ramos*, 588 F.3d 1142, 1146 (7th Cir. 2009).

A. **Challenge to Loss Amount and Restitution**

Gangazha argues that Counsel was ineffective at sentencing for failing to raise defenses and object to the amount of restitution. (Dkt. 9 at 1-2.) He asserts that "counsel failed to reasonably investigate and discover adequate research of law and facts on the loss amount and restitution

7

calculation issues". *Id*. at 2.  But the record contradicts this assertion. In the plea agreement, the parties stipulated and agreed that Gangazha's criminal conduct for the years 2011 through 2015, (including the dismissed counts in the Indictment) resulted in $1,100,518.81 monetary loss to the IRS, and that Gangazha would pay restitution to the IRS in this full amount of loss. Gangazha also agreed that he understood that pursuant to 26 U.S.C. § 6201(a)(4)(C), he could not challenge the existence or amount of restitution.

      Moreover, Gangazha's claim is undeveloped and his arguments are unsupported by any legal authority. Nowhere does he explain what his defenses or objections to the restitution order might have been (and none are apparent from the record).  When counsel's purported deficiency is based on a failure to investigate, the petitioner is required to allege "'what the investigation would have produced.'" *Richardson v. United States*, 379 F.3d 485, 488 (7th Cir. 2004) (per curiam) (quoting *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003)); *Long v. United States*, 847 F.3d 916, 920 (7th Cir. 2017) (same).  Gangazha does not provide any factual basis for this claim.  Accordingly, this claim for relief is **denied**.

**B.**    <u>**Notice of Appeal**</u>

      Next, Gangazha asserts that Counsel failed to file a notice of appeal.  (Dkt. 9.)  He alleges in his unsworn statement that "Appellate Counsel failed to file notice of appeal as timely requested, and failed to be adequately advice, and communicate with me on my request to file and pursue the right to appeal." *Id.* at 2.

      Again, Gangazha has failed to provide any evidence, details, or argument to support this claim.  Gangazha does not provide any details about how or when he requested that Counsel file a notice of appeal.  To the contrary, he alleges that he directed an unidentified appellate counsel to file a notice of appeal.  Neither does he provide any argument or details about when Counsel

8

allegedly failed to advise or communicate with him about pursuing an appeal. *See generally,* Dkt. 9 at 2.

In *Garza v. Idaho*, 139 S. Ct. 738, 742 (2019), the United States Supreme Court held that there is a presumption of prejudice, even in light of an appeal waiver, if an attorney fails to perfect a notice of appeal. However, that applies only when "a defendant has expressly requested an appeal"; in other words, when an attorney fails "to file a notice of appeal despite the defendant's express instructions." *Id*. at 746, 750. "[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores–Ortega*, 528 U.S. 470, 476–77 (2000). Such a failure, "is per se ineffective assistance of counsel," without regard to the probability of success on appeal. *Gant v. United States*, 627 F.3d 677, 681 (7th Cir. 2010).

Gangazha's plea agreement, the change of plea and sentencing hearing transcript, and Counsel's sworn affidavit reflect that Gangazha understood his rights to appeal his conviction and sentence. Gangazha's claim fails because there is no evidence that he ever requested that Counsel file a notice of appeal. To the contrary, the only evidence in the record is Counsel's sworn affidavit, dated November 29, 2021, wherein he attested that Gangazha did not request that he file a notice of appeal. (Dkt. 28-1, ¶ 10.)

Gangazha's unsworn assertion that his attorney did not file a notice of appeal as directed lacks essential factual allegations such as when and how Gangazha communicated this information to Counsel. It is further unsupported by any evidence in the record. All of the evidence reflects that Counsel was never instructed to file a notice of appeal despite the fact that Gangazha was aware of his right to appeal. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("A skeletal 'argument,' really nothing more than an assertion, does not preserve a claim.").

## IV.  CONCLUSION

For the reasons explained in this Order, Gangazha is not entitled to relief on his § 2255 motion.  Accordingly, his motion for relief pursuant to § 2255 is **DENIED** and this action is **dismissed with prejudice**.  Judgment consistent with this Order shall now issue and the Clerk **is directed to docket a copy of this Order in Case No. 1:18-cr-00053-TWP-DML-1.**  The original motion to vacate in the underlying criminal action was previously terminated.

## V.  DENIAL OF CERTIFICATE OF APPEALABILITY

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition; rather, he must first request a certificate of appealability. *See Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Gangazha has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  The Court therefore **denies** a certificate of appealability.

   **SO ORDERED.**

Date: 3/13/2023

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Dickson Gangazha
[No current address on file. Copy will be provided on request.]

MaryAnn Totino Mindrum
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
maryann.mindrum@usdoj.gov